IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN M. ELIAS,

          Plaintiff,

v.                                                                NO. CV-17-785

MARK BIERI, M.D., and
RIO GRANDE UROLOGY, P.A.,
A Foreign Professional Association
Doing Business in New Mexico,

          Defendants.

## NOTICE OF REMOVAL

**COME NOW** the Defendants, Mark Bieri, M.D. ("Dr. Bieri"), and Rio Grande Urology, P.A. ("Rio Grande"), hereinafter jointly referred to as "Defendants," appearing by and through their undersigned counsel, Remo E. Gay & Associates, P.C., and hereby submit their Notice of Removal pursuant to 28 U.S.C §§ 1332, 1441, and 1446 and, in support thereof, respectfully state as follows:

      1.      On January 4, 2017, Plaintiff, Steven M. Elias, filed his Complaint for Violations of the Unfair Practices Act and Medical Malpractice Arising Out of Failure to Obtain Informed Consent ("Complaint"), in the Third Judicial District Court, County of Dona Ana, State of New Mexico. *See,* true and correct copy of Plaintiff's Complaint attached hereto as Exhibit A.

      2.      On March 7, 2017, the Defendants filed their Answer to Plaintiff's Complaint ("Answer"). *See,* true and correct copy of Defendant's Answer, attached hereto as Exhibit B.

      3.      On June 14, 2017, it came to the attention of the undersigned that the Plaintiff may have recently taken a new job in the Durango, Colorado, area.

      4.      Thereafter, upon further investigation and through an article which had appeared in the *Durango Herald* on March 14, 2017, it was learned by the undersigned that Plaintiff would

"this summer" be "taking over" the role of Dean of the Business College at the Fort Lewis College in Durango, Colorado, *See*, true and correct copy of Durango Herald article attached hereto as Exhibit C.

5. Nonetheless, on or about June 2, 2017, Plaintiff verified his answers to written discovery to indicate that his current place of residence was "422 Superstition Dr., Las Cruces, New Mexico, 88011," and that his current place of employment was "New Mexico State University, College of Business, Las Cruces, NM 88003." *See*, true and correct copy of Plaintiff's Answer to Interrogatory No. 1, propounded upon him by Defendant, Mark Bieri, M.D., and associated verification thereof, jointly attached hereto as Exhibit D.

6. No mention was made by Plaintiff in answering Dr. Bieri's Interrogatory No. 1 of the above-described change in Plaintiff's employment, of any intention on Plaintiff's part to move to Colorado to reside, of any plans on Plaintiff's part to purchase a new residence in Colorado, or of any plans to place his Las Cruces residence on the market for sale. Instead, Plaintiff refused to execute an authorization for the release of employment records submitted to him in connection with Dr. Bieri's Interrogatory No. 17, claiming that he was making no claim for lost wages or earning capacity, thereby supposedly rendering irrelevant Interrogatory No. 17. *See*, Exhibit D hereto.

7. Subsequent investigation has revealed that Plaintiff and his spouse purchased a new residence in La Plata County, Colorado, with the Colorado residential purchase closing on June 7, 2017, or just five (5) days after Plaintiff verified his Answers to Dr. Bieri's written discovery.[1]

---

[1] Plaintiff has served some supplemental answers/responses to Dr. Bieri's written discovery but still has not provided his current residential address. Under the temporal circumstances, such failure suggests a knowing concealment and interference with Defendants' ability to ascertain whether the statutory right exists to remove the above-captioned civil action to Federal court.

2

*See*, Affidavits of Matt B. McWethy, executed on July 20 and 31, 2017, true, correct and highlighted copies of which are attached hereto as Exhibit E and Exhibit F, respectively.

8. Similarly, subsequent investigation has revealed that the Plaintiff listed his old residence in Las Cruces for sale with a realtor, and it seems fairly clear that the Las Cruces residence has been sold. *See*, Exhibit F, hereto.

9. As of late-June 2017 and based primarily upon independent investigation, it had become relatively likely that complete diversity of citizenship had, or soon probably would, come to exist. It was, however, still completely unclear as to whether the requisite amount in controversy was sufficient to support the exercise of diversity jurisdiction in, and removal of the State civil action to, Federal court. For that reason, Plaintiff was asked to supplement his answer to Dr. Bieri's Interrogatory No. 15, which sought a computation of the actual expenses that Plaintiff claimed entitlement to recover in the State civil action. *See*, Plaintiff's Supplemental Answers and Responses to Interrogatory No. 15 and Request for Production No. 2, a true, correct and highlighted copy of which is attached hereto as Exhibit G.

10. In connection with his supplemental response to Dr. Bieri's Interrogatory No. 15 served on July 13, 2017, plaintiff finally confirmed in a response to written discovery that he had recently moved, presumably to the residential property he had purchased some weeks earlier in the Durango, La Plata County, Colorado area. *See*, Exhibit G hereto.

11. On July 6, 2017 and in response to the written request of the undersigned, Plaintiff's counsel directed correspondence to the undersigned indicating that the Plaintiff (1) would settle the case in exchange for a payment far in excess of seventy-five thousand dollars ($75,000); (2) indicating a willingness to negotiate his settlement demand downward, but (3) further indicating that a settlement offer for a specific amount far in excess of seventy-five thousand dollars ($75,000) from the defense would not be sufficient to settle the case. A copy of such

correspondence, which is dated July 6, 2017, is not made of record for purposes of keeping actual settlement negotiations confidential, but can certainly be made available to the Court should Plaintiff somehow contend in opposing removal and seeking remand that seventy-five thousand dollars ($75,000) is not actually in controversy in connection with the above-captioned civil action.

12. Based upon Plaintiff's recent supplemental answer to Dr. Bieri's Interrogatory No. 15, coupled with the above-described settlement demand correspondence, it is now clear that the amount in controversy for diversity jurisdiction purposes is in excess of seventy-five thousand dollars ($75,000).

13. "For diversity purposes, citizenship is determined by a person's domicile." *Sanchez v. Cano-Marquez*, 7 (D.N.M., 2015) (*citing Macias v. N.M. Dep't of Labor*, 300 F.R.D. 529, 548 (D.N.M. 2014)).

14. One's domicile is defined as the state where the individual physically resides and intends to remain indefinitely. *Id*. (*citing Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014)).

15. When ascertaining a person's domicile, a court "should consider the totality of the circumstances. … [A]ny number of factors might shed light on the subject in any given case." *Id*. (*citing Middleton* 749 F.3d at 1201).

16. Relevant elements include, "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs and other associations; place of employment or business; driver's license and automobile registration; payment of taxes … ." *Id*. (*citing* 13E CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3612 (3d ed. 2014 (West)).

17. "In the removal context, federal courts are split as to what is the critical point for determining the assistance of diversity jurisdiction. "The majority of decisions typically require complete diversity to exist at the time the removal petition is filed….A large minority of courts require complete diversity not only when removal is sought, but also when the original action is filed in the state court." *Sanchez*, *supra* at 15, n.4 (*citing* 13E CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3608 (3d ed. 2014 (West)).

18. As noted in *Sanchez*, the Tenth Circuit has not addressed the critical point in time for determining the existence of diversity of citizenship under every possible factual circumstance, but it is respectfully contended that there is no reason to believe that the Tenth Circuit would not follow the majority rule under the facts of this case. *Sanchez, supra* at 15, n. 4; *See also*, *DeBry v. Transamerica Corporation*, 601 F2d 480 (1979).

19. For diversity of citizenship purposes under 28 U.S.C. § 1332 Plaintiff, Steven Elias, is presently diverse in citizenship from each Defendant as a result of Mr. Elias's voluntary move to Colorado.

20. Pursuant to 28 USC § 1446 (b) (3), "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which has become removable."

21. The amount in controversy for diversity of citizenship analysis under 28 U.S.C. § 1332(a) is now known to exceed $75,000. *See,* Exhibit G hereto. Plaintiff's settlement demand as set forth in correspondence dated July 6, 2017, coupled with Plaintiff's supplemental answer to defendant Bieri's Interrogatory 15, are representative of "other paper" under 28 U.S.C. §§ 1446(b)(3) and 1446(c)(3)(A).

22. In general, a case may not be removed under subsection (b) (3) (c) on the basis of jurisdiction conferred by § 1332 more than one year after commencement of the action.

23. Under New Mexico law, "a civil action is commenced by filing a complaint with the court." *See*, Rule 1-003 NMRA 2017.

24. Less than one year has passed since Plaintiff filed his Complaint and commenced this State civil action in New Mexico.

25. There now exists diversity jurisdiction in this civil action pursuant to 28 U.S.C. § 1332 insofar as both complete diversity of citizenship and an amount in controversy that exceeds $75,000 are present.

26. This case may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446.

27. By this Notice of Removal, the Defendants remove all claims asserted against them on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

28. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date.

29. Pursuant to 28 U.S.C. § 1446(d), Defendants are concurrently filing a Notice of Filing of Removal in the underlying State civil action, an unendorsed copy of which is hereto attached as Exhibit H.

30. In addition to the Notice of Filing Notice of Removal in the underlying State civil action, Defendants' attorneys previously filed an Entry of Appearance in the underlying State civil action, a copy of which is attached hereto as Exhibit I.

31.     Pursuant to 28 U.S.C. §1446(a) and D.N.M.LR-Civ. 81.1(a), all process, pleadings, and orders from the state court action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight (28) days of this Notice.

**WHEREFORE**, the removing Defendants, Mark Bieri, M.D., and Rio Grande Urology, P.A., hereby give Notice that the above-styled civil action, which was pending in the Third Judicial District, Doña Ana County, State of New Mexico as Cause No. D-307-CV-2017-00029, is removed to this Court.

**REMO E. GAY & ASSOCIATES, P.C.**


By  */s/ Remo E. Gay*
    **Remo E. Gay**
    **Brendan O'Reilly**
    *Attorneys for Defendants Mark Bieri, M.D., and Rio Grande Urology, P.A.*
    **3810 Osuna Rd. NE, Suite 1**
    **Albuquerque, New Mexico  87109**
    **(505) 842-5715**
    **(505) 842-5713 (*facsimile*)**
    **rgay@regapc.com**
    **boreilly@regapc.com**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused service of the foregoing via electronic mail to the following counsel of record this 31st day of July, 2017:

**William F. Webber**
**William F. Webber, P.A.**
**P.O. Drawer 16169**
**Las Cruces, NM 88004**
**(575) 524-2121**
**(575) 524-3047 (facsímile)**
**bwebber@zianet.com**

      */s/ Remo E. Gay*
      **Remo E. Gay**