3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
3/7/2017 5:20:38 PM
CLAUDE BOWMAN
Elizabeth Balizan

**STATE OF NEW MEXICO**
**COUNTY OF DONA ANA**
**THIRD JUDICIAL DISTRICT**

**STEVEN M. ELIAS,**

                              **Plaintiff,**

**vs.**                                                    **Case No. D-307-CV-2017-00029**

                                                           Beyer, Marci
**MARK BIERI, M.D., and**
**RIO GRANDE UROLOGY, P.A.,**
**A Foreign Professional Association**
**Doing Business in New Mexico,**

                              **Defendants.**

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF**
**THE UNFAIR PRACTICES ACT, AND MEDICAL MALPRACTICE ARISING OUT OF**
**FAILURE TO OBTAIN INFORMED CONSENT**

**COME NOW** the Defendants, Mark Bieri, M.D. ("Dr. Bieri"), and Rio Grande Urology,

P.A. ("RGU"), which are hereinafter jointly referred to as "Defendants" unless otherwise

specified, by and through their attorneys of record, Remo E. Gay & Associates, P.C. and, for

their Answer ("Answer") to Plaintiff's Complaint for Violations of the Unfair Practices Act, and

Medical Malpractice Arising Out of Failure to Obtain Informed Consent ("Complaint"),

respectfully state as follows:

        1.      Subject to the admissions and denials set forth elsewhere in this Answer, the

Defendants admit the allegations of fact set forth in paragraphs 2, 5, 17 and 126 of Plaintiff's

Complaint.

        2.      Subject to the admissions and denials set forth elsewhere in this Answer, the

Defendants specifically deny the allegations of fact set forth in paragraphs 42, 43, 44, 45, 46, 47,

49, 50, 51, 52, 54, 55, 58, 62, 63, 64, 65, 66, 70, 71, 72, 74, 85, 88, 89, 90, 91, 92, 93, 94, 95, 96,

                                    EXHIBIT B

97, 102, 103, 104, 105, 106, 108, 109, 113, 114, 115, 116, 117, 118, 127, 129, 130, 131 and 132 of Plaintiff's Complaint and demand strict proof thereof.

3.      Subject to the admissions and denials set forth elsewhere in this Answer, the Defendants are presently without sufficient specific factual knowledge to form a belief as to the precise accuracy of the allegations of fact set forth in paragraphs 1, 6, 9, 16, 28, 29, 31, 34, 35, 40, 41 and 73 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof in any event.

4.      Subject to the admissions and denials set forth elsewhere in this Answer, the allegations set forth in paragraphs 53, 98, 119 and 128 of Plaintiff's Complaint do not appear to require any response from Defendants, but to the extent a response may somehow be deemed necessary, Defendants either specifically deny, or are presently without sufficient factual knowledge to either admit or deny the precise factual accuracy of the same and, therefore, demand strict proof thereof.

5.      Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 3 of the Complaint, Defendants admit only that RGU is a professional association organized under the laws of the state of Texas, registered to do business in New Mexico, and doing business in Dona Ana County, New Mexico, but specifically deny the remaining allegations of fact set forth therein and, therefore, demands strict proof thereof.

6.      Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 4 of the Complaint, Defendants admit only that medical/surgical care was provided to Plaintiff by Dr. Bieri and other appropriately-qualified personnel employed by RGU at RGU's office in Las Cruces, New Mexico during 2013, but

specifically deny that Dr. Bieri and any other employee of RGU violated the applicable standard of care or was otherwise negligent or somehow liable to Plaintiff, along with the remaining allegations of fact set forth therein and, therefore, demand strict proof thereof.

7.      Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 7 of the Complaint, Defendants admit only to their understanding that most surgical procedures are elective in nature and that one should consider the risks, benefits and alternatives attendant to such procedures, but are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

8.      Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 8 of the Complaint, Defendants admit only that vasectomy can often be accomplished within 30 minutes' time and is often done on an outpatient basis under local anesthesia, but are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event

9.      Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 10 of the Complaint, Defendants state affirmatively that the Plaintiff's general medical history was obtained at RGU and that a genitourinary and reproductive history to include prior scrotal surgery should have been, and was obtained prior to undertaking vasectomy, along with examination of the scrotum to identify to the extent reasonably possible contraindications to vasectomy, but are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

10.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 11 of the Complaint, Defendants admit only that prior to undertaking actual performance of Plaintiff's vasectomy that Dr. Bieri was under a duty to examine, and state affirmatively that Dr. Bieri did properly examine Plaintiff's genitalia, and found no contraindication to vasectomy, but are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

11.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 12 of the Complaint, Defendants admit only and state affirmatively that the Plaintiff should have been, and was afforded an opportunity to ask questions and receive answers from Dr. Bieri respecting the vasectomy procedure that Plaintiff sought, and that the Plaintiff should have been, and was provided with information relevant to the Plaintiff's decision to elect to undergo vasectomy, but are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

12.     In the Complaint, there are two paragraphs enumerated number 13.   Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of fact set forth in the two Complaint paragraphs enumerated 13, Defendants admit only and state affirmatively that the Plaintiff's medical history was elicited, recorded and reviewed by appropriately-qualified personnel at RGU on June 10, 2013, that Dr. Bieri was aware pre-procedure of Plaintiff's history, that Dr. Bieri most certainly did properly examine the Plaintiff's genitalia prior to the procedure, and that Dr. Bieri also gave the Plaintiff the opportunity prior to the procedure to ask any questions he might have about the procedure, but specifically deny or

are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

13.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 14 of the Complaint, Defendants admit only that some authors have written in the medical literature that the most important information to be imparted to a patient considering vasectomy is the "1-2% risk of chronic scrotal pain" for which few men require additional surgery, but are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

14.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 15 of the Complaint, Defendants admit and state affirmatively that the risks, benefits and alternatives to vasectomy were preoperatively made known to the Plaintiff by appropriately-qualified personnel at RGU, specifically including the risk of sperm granuloma or other uncomfortable problems as a result of the procedure, and uncommon, unforeseen problems not listed in the form of consent for operation executed by the Plaintiff, and admit and further state affirmatively that appropriate written informational materials were preoperatively provided to the patient which specifically set forth the low risk of post-operative long-term testicular discomfort, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same, in any event, and demand strict proof thereof.

15.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraphs 18 and 19 of the Complaint, Defendants

admit and state affirmatively that the Plaintiff was seen, interviewed and properly physically examined on June 10, 2013, by a fully-licensed nurse practitioner, that Dr. Bieri conducted his own physical examination of the Plaintiff on July 12, 2013, and that the risks, benefits and alternatives to vasectomy were preoperatively made known to the Plaintiff by appropriately-qualified personnel at RGU, specifically including the risk of sperm granuloma or other uncomfortable problems as a result of the procedure, and uncommon, unforeseen problems not listed in the form of consent for operation executed by the Plaintiff, and admit and further state affirmatively that appropriate written informational materials were preoperatively provided to the patient which specifically set forth the rare risk of post-operative long-term testicular discomfort, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same, in any event, and demand strict proof thereof.

16.    Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 20 of the Complaint, Defendants admit only that the Plaintiff himself filled out a patient history form and that a medical assistant probably did take the Plaintiff to an examining room where she would have asked the Plaintiff a series of standard questions, but are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

17.    Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 21 of the Complaint, Defendants admit only that the Plaintiff was seen, questioned and properly examined by a nurse practitioner, Rosella Vialpando, CNP ("Nurse Practitioner Vialpando"), but specifically deny or are presently

without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

18.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 22 of the Complaint, Defendants admit only Nurse Practitioner Vialpando would have asked the Plaintiff whether he had any preference with respect to which of RGU's Las Cruces-based physicians to perform his vasectomy, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

19.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 23 of the Complaint, Defendants admit only that the Plaintiff was provided with written materials detailing the risks, benefits and alternatives to vasectomy, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

20.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 24 of the Complaint, Defendants admit only that RGU reserved the right to charge $50.00 should the Plaintiff fail to appear on the date set aside for his vasectomy, subject to waiver when appropriate circumstances might be found to exist, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

21.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 25 of the Complaint, Defendants admit and state affirmatively that the Plaintiff was seen, interviewed and properly physically examined on June 10, 2013, by a fully-licensed nurse practitioner, that Dr. Bieri conducted his own physical examination of the Plaintiff on July 12, 2013, and that the risks, benefits and alternatives to vasectomy were preoperatively made known to the Plaintiff by appropriately-qualified personnel at RGU, specifically including the risk of sperm granuloma or other uncomfortable problems as a result of the procedure, and uncommon, unforeseen problems not listed in the form of consent for operation executed by the Plaintiff, and admit and further state affirmatively that appropriate written informational materials were preoperatively provided to the patient which specifically set forth the rare risk of post-operative long-term testicular discomfort, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same, in any event, and demand strict proof thereof.

22.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 26 of the Complaint, Defendants admit only and state affirmatively that written information was provided to the Plaintiff that specifically set forth the "risk of long-term testicular discomfort," but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

23.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraphs 27, 82, 83 and 84 of the Complaint,

Defendants admit only that there are statements contained in the written information provided to the Plaintiff at RGU which state, *inter alia*, that:

> "[V]asectomy is a simple, safe procedure that makes a man unable to father a child (sterile);"

> "a vasectomy does not cause health problems, such as prostate cancer or heart disease;"

> "vasectomy is one of the safest methods of fertility control;"

> "millions of men in the United States have had this simple procedure;"

> "vasectomy is considered minor and safe, but is still a surgical procedure which means there could be complications;" and that,

> some of the complications listed therein are appropriately described as sometimes "usually" being of "no consequence" or likely to "clear up by itself," but

state affirmatively that other written materials provided to the Plaintiff at RGU make reference to the risk of "long-term testicular discomfort" and other "uncommon, unforeseen problems" following vasectomy.  With respect to the remaining allegations of fact, if any, set forth in such paragraphs, the Defendants are otherwise without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

24.    Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 30 of the Complaint, Defendants specifically deny that the initial consultation held on June 10, 2013 was inappropriately "handled" in any way, and are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

25.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraphs 32 and 86 of the Complaint, Defendants admit only and state affirmatively that the Plaintiff was asked to sign, and did sign a written form of "Consent for Operation by Rio Grande Urology, PA," on July 12, 2017 prior to undergoing vasectomy which listed a number of complications, including uncommon, unforeseen problems not specifically listed in the form of written consent, but are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

26.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 33 of the Complaint, Defendants admit only and state affirmatively that the Plaintiff was escorted to a procedure room by RGU personnel, and that Dr. Bieri introduced himself to the Plaintiff, but specifically deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

27.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 36 of the Complaint, Defendants admit only that the Plaintiff seems to have developed a superficial post-procedure infection, or "skin abscess," which apparently developed more than two weeks after his procedure, and that sutures and a loose eschar near the incision site were removed when the Plaintiff appeared for follow-up, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

28.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 37 of the Complaint, Defendants admit only that the Plaintiff's vasectomy incision healed, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

29.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 38 of the Complaint, Defendants admit only that the Plaintiff last presented himself for treatment by Dr. Bieri at RGU on December 4, 2013, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

30.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 39 of the Complaint, Defendants admit only that they are aware of medical records which indicate that the Plaintiff underwent vasectomy reversal, reportedly performed by a Dr. Sabanegh in May of 2015, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

31.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraphs 48 and 75 of the Complaint, Defendants admit only that there is an unintentional misstatement in the electronic medical record dated June 10, 2013 respecting performance of anal and digital rectal examinations, and that subsequent investigation by the undersigned counsel has revealed that no such examination was carried out

Answer
Page 11

on that date, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

32.     Subject to the admissions and denials set forth elsewhere in this Answer, the allegations set forth in paragraphs 56, 57, 59, 60, 61 and 125 of the Complaint do not appear to require any response from the Defendants, insofar as such paragraphs state contentions respecting the law and not allegations of fact known to the Defendants but, to the extent that response is somehow deemed to be required, Defendants specifically deny such paragraphs of the Complaint and, therefore, demand strict proof thereof in any event.

33.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraphs 67, 68 and 69 of the Complaint, Defendants admit only to their present understanding that the Plaintiff apparently does not have professional knowledge, ability, or experience in the fields of medicine and surgery, including vasectomy, and that many patients who consult Dr. Bieri and RGU are similarly of limited knowledge with respect to the same, state affirmatively that Plaintiff's medical history was elicited, recorded and reviewed by appropriately-qualified personnel at RGU on June 10, 2013, that Dr. Bieri was aware of Plaintiff's history prior to performing vasectomy, that Dr. Bieri most certainly did preoperatively examine the Plaintiff's genitalia, and also gave the Plaintiff the opportunity to ask any questions he might have about the procedure, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

34.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraphs 76, 77 and 78 of the Complaint, Defendants admit only that incisional pain/discomfort, post-procedure return to work, pain medication, and application of ice, and state affirmatively that Nurse Practitioner Vialpando felt, after inquiry and appropriate examination, that Plaintiff would be a reasonable candidate for vasectomy, subject to agreement by the operating physician on the day of the planned procedure, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

35.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 79 of the Complaint, Defendants admit only and state affirmatively that Plaintiffs reproductive and medical history should have been, and was obtained at RGU, that the Plaintiff should have been, and was informed of the risks, benefits and alternatives to vasectomy, that the Plaintiff should have been, and was, afforded an opportunity to ask questions and receive answers from Dr. Bieri respecting the vasectomy procedure that Plaintiff sought, and that the Plaintiff should have been, and was provided with sufficient information relevant to the Plaintiff's decision to undergo vasectomy, but are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

36.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 80 of the Complaint, Defendants admit only that some authors have written in the medical literature that the most important information

to be imparted to a patient considering vasectomy is the "1-2% risk of chronic scrotal pain" for which few men require additional surgery, state affirmatively that the Plaintiff was informed of the risks, benefits and alternatives to vasectomy by Dr. Bieri and other appropriately qualified personnel at RGU, and that the Plaintiff was otherwise provided with sufficient information relevant to the Plaintiff's decision to undergo vasectomy, but are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

37.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 81 of the Complaint, Defendants admit only the Plaintiff decided to undergo and proceeded to schedule an appointment at RGU for the performance of a vasectomy, and that the plaintiff paid a $50.00 fee which is usually forfeited if appropriate advance notice of cancellation is not provided to RGU, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

38.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 87 of the Complaint, Defendants admit only that Dr. Bieri would have been interested to know that the Plaintiff had a prior history of epididymitis, but state affirmatively that the Plaintiff failed to report such prior history, that Dr. Bieri nonetheless conducted a pre-procedure physical examination of the Plaintiff which did not reveal the sort of intolerance to examination that is sometimes encountered when examining patients with a history of epididymitis, but specifically deny or are presently without sufficient

specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

39.     Defendants admit paragraph 99 of the Complaint, but also state affirmatively that the New Mexico Medical Review Commission returned a finding in favor of the Defendants.

40.     As to the allegations of fact set forth in paragraph 100 of the Complaint, Defendants admit only that both Dr. Bieri and Nurse Practitioner Vialpando were employees of RGU between June 1, 2013 and December 31, 2013 and relationships of physician-patient and nurse practitioner-patient existed with Plaintiff during that time span, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

41.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraphs 101 and 107 of the Complaint, Defendants admit only that both Dr. Bieri and Nurse Practitioner Vialpando were employees of RGU between June 1, 2013 and December 31, 2013, admit that Dr. Bieri and Nurse Practitioner Vialpando were under the duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified urologists or nurse practitioners, respectively, practicing under similar circumstances, giving due consideration to the locality involved, and state affirmatively that adequate informed consent was pre-procedurally obtained from the Plaintiff, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

42.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 110 of the Complaint, Defendants admit only that the Plaintiff was seen, interviewed and properly physically examined on June 10, 2013, by a fully-licensed nurse practitioner in the person of Rosella Vialpando, CNP, that Dr. Bieri conducted his own physical examination of the Plaintiff on July 12, 2013 and himself determined that the Plaintiff was a candidate for vasectomy, that the risks, benefits and alternatives to vasectomy were made known to the Plaintiff prior to the procedure, and that the Plaintiff's written and fully-informed consent to undergo vasectomy was obtained in advance of the procedure, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

43.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 111 of the Complaint, Defendants admit only a doctor is under the duty to communicate to the patient that information which a reasonably prudent patient under similar circumstances would need to know about:

      1. the patient's condition;

      2. the alternatives for treatment;

      3. the inherent and potential hazards of the proposed treatment;

      4. the likely result if the condition remains untreated but,

the duty to inform does not require a doctor to discuss with his or her patient every risk of proposed treatment no matter how small or remote, and a doctor has no duty to discuss risks which the doctor can reasonably expect to be obvious or known to the patient, but the Defedants specifically deny or are presently without sufficient specific factual knowledge to either admit or

deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

44.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 112 of the Complaint, Defendants admit only that there was no obstacle, disability or emergency prohibiting the Defendants from making the necessary disclosures to the Plaintiff, and state affirmatively that they did provide the Plaintiff with the necessary information respecting (1)  the patient's condition; (2)  the alternatives for treatment;  (3)  the inherent and potential hazards of the proposed treatment; and (4) the likely result if the condition remains untreated but, specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

45.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 120 and 121 of the Complaint, Defendants admit only that Dr. Bieri and Nurse Practitioner Vialpando were employees of RGU as of 2013, and that the form of written consent for operation signed by the Plaintiff bears the heading "Rio Grande Urology" at the top, along with a space for selection of the name of the physician who will be performing the procedure, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

46.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraphs 122 and 123 of the Complaint, Defendants admit only that the Plaintiff expressed no preference as to the surgeon to perform his vasectomy, that a surgeon was therefore selected for the Plaintiff by RGU-employed personnel,

and that the Plaintiff was presented with and signed the written consent for vasectomy in the presence of non-physician RGU-employed personnel, but specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

47.     Subject to the admissions and denials set forth elsewhere in this Answer, and as to the allegations of supposed fact set forth in paragraph 124 of the Complaint, Defendants admit only that RGU-employed personnel in 2013 included Dr. Bieri, Nurse Practitioner Vialpando, medical assistants, and other office workers, state affirmatively their present understanding that the Plaintiff was given his choice but declined to select any particular physician to perform his vasectomy, and specifically deny or are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth therein and, therefore, deny the same and demand strict proof thereof in any event.

48.     Any allegations set forth in the Complaint which is not specifically addressed elsewhere in this Answer is hereby either specifically denied or the Defendants are presently without sufficient specific factual knowledge to either admit or deny the remaining allegations of fact, if any, set forth in the Complaint and, therefore, deny the same and demands strict proof thereof in any event.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Any claims for damages against the Defendants are governed generally by the terms of New Mexico's Medical Malpractice Act, NMSA 1978, §§ 41-5-1 through 41-5-29 (1978) ("the Act") and Defendants are entitled to all of the benefits, limitations and repose provided for under the Act, and all claims for damages are limited by the specific terms of the Act.

### Second Affirmative Defense

Defendants state that, at all times material, hereto, they did possess and properly apply the knowledge and did bring to bear and use the skill and care that would ordinarily be used by reasonably well-trained and similarly qualified healthcare providers, and professional business entities practicing under similar circumstances in Dona Ana County, New Mexico.

### Third Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Defendants.

### Fourth Affirmative Defense

The injuries and damages, if any, sustained by the Plaintiff were the direct and proximate result of independent, intervening and/or superseding causes, thereby barring or reducing any recovery from Defendants.

### Fifth Affirmative Defense

The injuries and damages, if any, sustained by the Plaintiff were the direct and proximate result of unavoidable medical complications, barring or reducing any recovery from Defendants.

### Sixth Affirmative Defense

If Defendants are determined to have been negligent, which such negligence is specifically denied, then other persons or entities not under the control of Defendants were also negligent, and any such negligence was the direct and proximate cause of the injuries and damages, if any, sustained by the Plaintiff, thereby barring or reducing any recovery from Defendants.

### Seventh Affirmative Defense

If Defendants are determined to have been negligent, which such negligence is specifically denied, then other persons or entities were also negligent and such negligence must be compared to the negligence of all others contributing to fault and/or causation, thereby barring or reducing any recovery from Defendants.

### Eighth Affirmative Defense

The prayer for punitive damages set forth in Plaintiff's Complaint is barred by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, as well as by Article I, Section 10, and by Article II, Sections 13, 14, 15, 18 and 19 of the Constitution of the State of New Mexico. Under the facts of this case, any award of punitive damages against Defendants is not justified, and any such award would constitute a denial of equal protection, a denial of due process and/or the imposition of an excessive fine.

### Ninth Affirmative Defense

The Complaint must be promptly dismissed insofar as indispensable persons/parties/entities, including those which are believed to have rights of subrogation, reimbursement or independent rights of action accruing on account of payment made for medical expenses incurred by the Plaintiff, have not been made parties hereto, which such failure to join may result in Defendants being subject to multiple and/or otherwise inconsistent liability.

**WHEREFORE** Defendants, Mark Bieri, M.D. and Rio Grande Urology, P.A., having fully answered and otherwise responded to the allegations of fact set forth in Plaintiff's Complaint, ask that the Complaint be promptly dismissed with prejudice, for the recovery of the costs incurred by Defendants via the defense of this matter, and for such other and further relief as the Court deems appropriate.

**REMO E. GAY & ASSOCIATES, P.C.**

Answer
Page 20

By   /s/ Remo E. Gay
    **Remo E. Gay**
    **Brendan O'Reilly**
    *Attorneys for Mark Bieri, M.D. and Rio Grande*
    *Urology, P.A.*
    **3810 Osuna Road NE, Suite 1**
    **Albuquerque, New Mexico  87109-4417**
    **(505) 842-5715**
    **(505) 842-5713 (facsimile)**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I caused service of the foregoing via electronic mail to the following counsel of record on this 7th day of March, 2017:

**William F. Webber**
**William F. Webber, P.A.**
**P.O. Drawer 16169**
**Las Cruces, NM 88004**
**(575) 524-2121**
**(575) 524-3047 (facsimile)**
**bwebber@zianet.com**

/s/ Remo E. Gay
**Remo E. Gay**

Answer
Page 21